[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANTS' MOTION TO STRIKE
Before the court is the third-party defendant's motion to strike the one count substituted third-party complaint on the ground that it fails to allege a factual basis upon which a finding of indemnity can be made.
On March 16, 2001, the court, Rodgers, J., granted the third-party defendant's previous motion to strike because the third-party plaintiff did not allege facts sufficient to establish that the third-party defendant is liable to the third-party plaintiff for any or all of the plaintiff's claims. See Gavigan v. County Manor Health Care Center, Superior Court, judicial district of Waterbury, Docket No. 154618 (March 16, 2001, Rogers, J.).
On March 26, 2001, the third-party plaintiff filed the operative substituted complaint merely adding a paragraph alleging "the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim." (Substituted Third-Party Complaint, March 23, 2001, ¶ 12.) "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis added in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). The third-party plaintiff's additional allegation is nothing more than a mere conclusion of law and does not allege facts sufficient to establish that the third-party defendant is liable to the third-party plaintiff for any or all of the plaintiff's claims.
Accordingly, the motion to strike the substituted third-party complaint is hereby granted. CT Page 12042
By the Court,
Joseph W. Doherty, Judge